**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Sean R. McKenna (admitted *pro hac vice*)
Texas Bar No. 24007652
Email: sean.mckenna@nelsonmullins.com
Nathan J. Avery (admitted *pro hac vice*)
Texas Bar No. 24134424
Email: nathan.avery@nelsonmullins.com
3333 Lee Parkway, Suite 750
Dallas, Texas 75219
Telephone: (469) 484-4758
*Attorneys for Plaintiff Triad Chiropractic & Rehabilitation Clinics, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| TRIAD CHIROPRACTIC & REHABILITATION CLINICS, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>BLACK SHEEP CONSULTING GROUP, LLC, MICHAEL WAYNE BINGHAM, RICHARD J. HARRIS, JUDY LOU BROWN and MASTER EQUITY LIMITED PARTNERSHIP a/k/a EMERGING-SOLUTIONS,<br><br>*Defendants*. | No. ___________________<br><br>**ORIGINAL COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

For its claims against Defendants Black Sheep Consulting Group, LLC ("Black Sheep"); Michael Wayne Bingham ("Bingham"); Richard J. Harris ("Harris"); Judy Lou Brown ("Brown"); and Master Equity Limited Partnership, a/k/a Emerging-Solutions ("Emerging Solutions"), Plaintiff Triad Chiropractic & Rehabilitation Clinics, LLC ("Triad") alleges as follows:

## INTRODUCTION

1. Triad is a multidisciplinary medical practice that brings together the expertise of pain management and chiropractic doctors, along with other healthcare providers, to provide patients with comprehensive care and innovative treatment options.

2. Through a series of knowingly false and fraudulent statements, Black Sheep and Emerging Solutions, along with Black Sheep's managing partner Harris, Emerging Solutions' chief executive officer Bingham, and Emerging Solutions' legal counsel Brown (collectively, the "Defendants") induced Triad to purchase Emerging Solutions' Peripheral Nerve Stimulator/Peripheral Electrical Neural Stimulator (the "PENS device"). To induce Triad to purchase Emerging Solutions' PENS device product, Black Sheep's sales representatives lied to Triad about the nature of the PENS device, whether it had the FDA clearances necessary for Triad's intended uses of the PENS device, whether the procedures Triad intended to conduct with the PENS device were covered by Medicare, and if so, under what billing code or codes. Bingham, Harris, the companies they control, and Emerging Solutions' attorney (Brown) continue to attempt to conceal their fraud by making false representations to Triad and its representatives regarding the PENS device.

3. When Medicaid imposed a significant overpayment charge on Triad after deciding that the PENS device was not covered by Medicare, Triad asked Emerging Solutions' long-time attorney, Judy Lou Brown, whether the Attorney Analysis she provided had been accurate in concluding that the PENS device was covered by Medicare. Brown affirmatively misrepresented that the Attorney Analysis she had provided on behalf

of Emerging Solutions had been accurate with respect to Medicare coverage, and Triad maintained its appeal of Medicare's overpayment charge on that basis.

4. In addition to the fraudulently obtained payments Triad made for the PENS device and the overpayment charge imposed by Medicare, Triad has incurred tens of thousands of dollars in attorneys' fees on its appeal of the overpayment and thousands more in secondary insurance and business losses directly attributable to the fraudulent scheme carried out by the Defendants.

5. The PENS device never had the FDA clearances or Medicare coverages that Triad required, and the Defendants have been aware of that fact since before the transaction with Triad was ever contemplated. The Defendants were also aware that Triad would never purchase the PENS device absent those clearances and coverages. The Defendants lied to induce Triad to purchase the PENS device and to preserve the opportunity to defraud similarly situated medical practices in the future.

## PARTIES

6. Plaintiff Triad is a limited liability company organized under the laws of New Mexico and headquartered at 5331 S. Superstition Mountain Dr., Suite 105, Gold Canyon, AZ, 85118, USA.

7. Defendant Black Sheep is a Florida limited liability company with its principal place of business at 1 St. Johns Medical Park Drive, St. Augustine, FL 32086, and which may be served with process by serving its registered agent as follows: Thomas A. Lebeau, 1 St Johns Medical Park Drive, St. Augustine, FL 32086, or wherever else he may be found.

8. Defendant Bingham is a natural person residing in North Carolina who may be served with process at his last known address: Michael Wayne Bingham, 372 Bingham Ln, Laurel Springs, NC 28644, or wherever else he may be found.

9. Defendant Harris is a natural person residing in New York who may be served with process at his last known address: Richard J. Harris, 1850 Brookdale St, Yorktown Heights, NY 10598, or wherever else he may be found.

10. Defendant Brown is a natural person residing in Texas who may be served with process at her last known address: 5904 S Cooper St 189, Ste 104, Arlington, TX 76017, or wherever else she may be found.

11. Defendant Emerging Solutions is an inactive Texas limited partnership which may be served with process by serving its registered agent as follows: Michael Wayne Bingham, 372 Bingham Ln, Laurel Springs, NC 28644, or wherever else he may be found.

**JURISDICTION AND VENUE**

12. Subject matter jurisdiction is proper in this court under 28 U.S.C. § 1332 because 1) there is complete diversity between Triad and all of the Defendants, and 2) Triad seeks damages in an amount greater than $75,000.

13. The citizenship of a limited liability company, like that of a partnership, is determined by the citizenship of all of its members.[1] For individuals, "citizenship has the same meaning as domicile," and "the place of residence is prima facie the domicile."[2]

---

[1] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[2] *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954); *see also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608 (1989) (stating that, for individual adults, "domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there").

14. For purposes of diversity jurisdiction, the citizenship of a traditional or personal trust—in contrast to the citizenship of a business trust—is determined solely on the citizenship of the trustee and not on the citizenship of the beneficiaries.[3]

15. Triad is an Arizona limited liability company. The members of Triad are John Baca, Elicia Rodriguez, Chris Walker, and Ivet Salinas. John Baca resides in Phoenix, Arizona and intends to remain there. Elicia Rodriguez resides in Mesa, Arizona and intends to remain there. Chris Walker resides in Gilbert, Arizona and intends to remain there. Ivet Salinas resides in Chandler, Arizona and intends to remain there. Thus, Triad is a citizen of Arizona.

16. Black Sheep is a Florida limited liability company. Upon information and belief, Black Sheep's only members are Thomas Lebeau, Harris, and Bingham. Mr. Lebeau resides in Florida and, upon information and belief, intends to remain there. Harris resides in New York, and, upon information and belief, intends to remain there. Bingham resides in North Carolina, and, upon information and belief, intends to remain there. Thus, Black Sheep is a citizen of Florida, New York and North Carolina.

17. Harris resides in New York and, upon information and belief, intends to remain there. Thus, Harris is a citizen of New York.

18. Bingham resides in North Carolina and, upon information and belief, intends to remain there. Thus, Bingham is a citizen of North Carolina.

---

[3] *GBForefront LP v. Forefront Mgmt. Grp. LLC*, 888 F.3d 29 (3d Cir. 2018) (citing *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016) (stating that "when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes" and that "[f]or a traditional trust, therefore, there is no need to determine its membership").

19. Brown resides in Texas and, upon information and belief, intends to remain there. Thus, Brown is a citizen of Texas.

20. Emerging Solutions is a Texas limited partnership. It has one general partner: Bingham 1999 Limited Partnership. Bingham 1999 Limited Partnership, in turn, has one general partner: Michael W. Bingham Living Trust. Upon information belief, the Michael W. Bingham Living Trust's trustee is Michael Wayne Bingham. Michael Wayne Bingham is a citizen of North Carolina. Thus, Emerging Solutions is a citizen of North Carolina.

21. Defendants' misrepresentations and inducements to contract outlined below were all received by Plaintiffs in the District of Arizona, Triad executed the contract in question in the District of Arizona, and the goods in question were delivered to Triad in Arizona. Because a substantial part of the events or omissions giving rise to the claim thus occurred in the District of Arizona, venue is proper here.[4]

**FACTS**

22. In February 2022, Black Sheep, acting as an agent for Emerging Solutions, approached Triad to promote and sell Emerging Solutions' PENS device to the practice.

23. On or about February 17, 2022, a Black Sheep sales representative emailed an FDA 510(k) Premarket Notification (the "Premarket Notification") to two of Triad's master distributors, who forwarded the Premarket Notification to Triad Members Dr. John Baca and Elicia Rodriguez.

24. The Premarket Notification Black Sheep provided to Triad appears to have been falsified to extent it states that the PENS device received 510(k) clearance on Drug

[4] 28 U.S.C. § 1391.

Relief devices and Primary Relief VI devices for use as both a percutaneous nerve stimulator for opioids withdrawal and as a percutaneous electronical nerve stimulator for pain relief.

25. In fact, the FDA provided the PENS device with 510(k) clearance only as a Drug Relief device, and only for use as a percutaneous nerve stimulator for substance abuse disorders.

26. Upon information and belief, Bingham and Harris falsified the Premarket Notification that Black Sheep provided to Triad to include 510(k) clearance for a Pain Relief device for use in pain relief treatments with the intention of inducing Triad (which is in large part a pain relief practice) to purchase the PENS device.

27. While Triad, Black Sheep and Bingham (on behalf of Emerging Solutions) were negotiating the possible purchase of the PENS device, Emerging Solutions' attorney Judy Lou Brown provided Triad with a document printed on Emerging Solutions letterhead entitled "Attorney Analysis and Device Review."

28. Among other things, Brown's Attorney Analysis stated that the appropriate Medicare coding for PENS procedures performed in the office setting and outpatient hospital setting included HSPCS code L8679 (for "implantable neurostimulator, pulse generator, any type").

29. Upon information and belief, Brown conspired with Bingham and Harris to falsely state that the correct Medicare code for in-office PENS procedures was HSPCS code L8679 to aid them in fraudulently inducing Triad to purchase the PENS device.

30. Bingham, Harris and Brown all knew that the correct code was 64555, but Brown fraudulently misrepresented that L8679 was also correct.

31. On or about April 16, 2022, Black Sheep provided Triad with an "Office Reference Guide" printed on Black Sheep letterhead.

32. Black Sheep's Office Reference Guide contained the same misrepresentation as was contained in the Attorney Analysis provided by Brown on behalf of Emerging Solutions: that HCPCS code L8679 was correct for PENS procedures performed in the office setting.

33. On or about April 16, 2022, Bingham, Black Sheep sales representatives, and Triad's membership held a teleconference to discuss the training manuals provided to Triad regarding appropriate use of the PENS device.

34. Neither Bingham (individually or as Emerging Solutions' ultimate owner and chief executive) nor any of Black Sheep's representatives saw fit to cure the fraudulent misrepresentations they had made to Triad in inducing them to purchase the PENS device, despite the fact that Bingham and Black Sheep's representatives were actually aware of the damages Triad was likely to incur if it continued to rely on the Defendants misrepresentations in using the PENS device to treat patients and in billing Medicare for those treatments.

35. On April 19, 2022, a clinical trainer employed by Black Sheep came to Triad's office in Gold Canyon, Arizona, to train Triad's provider and MA on programming and implanting the PENS device.

36. Black Sheep's clinical trainer failed to inform Triad's provider and MA that the PENS device had not received 510(k) clearance as a Pain Relief device for use in the treatment of pain relief.

37. In August of 2023, Medicare imposed a significant overpayment charge on Triad on the grounds that Triad had incorrectly coded PENS device treatments between April 29, 2022 and May 30, 2023 as HSPCS code L8679.

38. On September 20, 2023, Triad filed an appeal for redetermination, where a decision unfavorable to Triad was rendered.

39. A Qualified Independent Contractor conducted a reconsideration and decided unfavorably against Triad.

40. In reliance on the representations that Black Sheep, Bingham, Harris, Brown and Emerging Solutions made to Triad regarding the correct code for the PENS device, Triad appealed to the Office of Medicare Hearings and Appeals on May 9, 2024.

41. While the appeal was pending, Triad asked Judy Lou Brown whether the Premarket Notification Black Sheep's sales representatives had provided and the Attorney Analysis she had provided accurately stated the correct codes for billing PENS procedures and the uses for which the PENS device had received FDA clearance.

42. On July 8, 2024, Brown responded via email and stated that the coding opinions she rendered to Triad on behalf of Emerging Solutions were accurate.

43. Brown also provided Triad with the "correct" Premarket Notification letter, i.e., a non-falsified version of the Premarket Notification Black Sheep's representatives had fraudulently provided to Triad back in February of 2022.

44. On August 1, 2024, the administrative law judge for the Office of Medicare Hearings and Appeals rendered an unfavorable decision against Triad.

45. In addition to the fraudulently obtained payments Triad made for the PENS device and the overpayment charge imposed by Medicare, Triad has incurred tens of thousands of dollars in attorneys' fees on its appeal of the overpayment decision and thousands more in secondary insurance and business losses directly attributable to the fraudulent scheme carried out by the Defendants.

46. The PENS device never had either the 510(k) clearance as a Pain Relief device for use in the treatment of pain relief or the coverage under Medicare required by Triad, and each of the Defendants knew that the PENS device lacked those clearances and coverages before the transaction with Triad was ever contemplated.

47. The Defendants knew that Triad would not purchase the PENS device if the PENS device lacked either 510(k) clearance as a Pain Relief device for use in the treatment of pain relief or coverage under Medicare.

48. The materials provided to Triad by the Defendants and their agents, including Harris and Bingham's falsified 510(k) Premarket Notification, Brown's and Emerging Solution's Attorney Analysis, Black Sheep's Office Reference Guide, and the communications made in support of those materials by Brown, Harris and Bingham, were all materially and intentionally misleading.

49. Harris and Bingham's falsified 510(k) Premarket Notification, Brown's and Emerging Solution's Attorney Analysis, Black Sheep's Office Reference Guide, and the statements made in support of those materials by Brown, Harris and Bingham were all

misrepresentations made in concert with the aim of accomplish Defendants' common scheme to defraud Triad.

50. Each of the Defendants made their respective fraudulent misrepresentations intending to induce Triad to purchase the PENS device, and, after the purchase was made, to preserve their opportunity to defraud other similarly situated medical practices in the future.

51. Triad reasonably relied on the materials provided and representations made by Black Sheep, Harris, Emerging Solutions, Bingham and Judy Lou Brown (who has served as Emerging Solutions' attorney for many years) in agreeing to buy the PENS device and in paying for the PENS device.

52. In reliance on Black Sheep, Bingham, Harris Emerging Solutions and Brown and their agents and representatives' material misrepresentations, Triad purchased the PENS device, provided it to its Medicare patients, and has suffered substantial damages as a direct result, including but not limited to the following: several administrative appeals of Medicare's overpayment decision at a cost of thousands of dollars in attorneys' fees and secondary insurance, additional losses to the practice concomitant with the cessation of durable medical equipment services, and Medicare's recoupment of the overpayment amount itself.

53. Black Sheep, Harris, Emerging Solutions, Bingham and Brown's fraudulent and knowingly false representations directly and proximately caused Triad damages in an amount to be proven at trial, but not less than $500,000.

54. Triad made a written demand on the Defendants on January 21, 2025, but they have failed and refuse to pay Triad the monies owed.

## CAUSES OF ACTION

### Count One – Violation of the Arizona Consumer Fraud Act

**(Against Black Sheep, Bingham, Harris, and Emerging Solutions)**

55. All allegations set forth above are incorporated herein by reference.

56. Black Sheep, Bingham, Harris, and Emerging Solutions**,** by their false and misleading written and oral representations to Triad regarding the FDA clearances and Medicare coverage applicable to the PENS device, used and employed deception, fraud, false pretense and omission of material facts in connection with the sale and advertisement of merchandise to Triad.

57. Black Sheep, Harris, Emerging Solutions and Bingham intended that Triad rely on their misrepresentations.

58. Black Sheep, Harris, Emerging Solutions and Bingham's misrepresentations directly and proximately caused Triad damages in an amount to be proven at trial, but not less than $500,000, plus interest thereon at the maximum rate allowed by law.

### Count Two – Fraud

**(Against Black Sheep, Bingham, Harris, and Emerging Solutions)**

59. All allegations set forth above are incorporated herein by reference.

60. Black Sheep, Bingham, Harris, and Emerging Solutions materially misrepresented the FDA clearances applicable to the PENS device and the Medicare coverage available for treatments involving same when Black Sheep approached Triad to

promote the PENS device, during purchase negotiations with Triad, in communications between Triad, Black Sheep, Bingham, Harris and Emerging Solutions and their representatives, and in the falsified Premarket Notification, Brown's Attorney Analysis, and the Office Reference Guide.

61. The FDA clearances applicable to the PENS device and the existence of Medicare coverage for procedures conducted with the PENS device were material because Triad could not put the device into practice as intended without such clearances and coverage, and because Triad required accurate Medicare coverage information to bill PENS device procedures correctly.

62. Black Sheep, Bingham, Harris, and Emerging Solutions were aware that their representations were false and intended Triad to rely on them by signing the agreement and purchasing the PENS device.

63. Triad reasonably relied on Black Sheep, Bingham, Harris, and Emerging Solutions' representations by entering into the agreement and paying Black Sheep and Emerging Solutions for the PENS device.

64. Triad conducted due diligence by carefully reviewing the Premarket Notification, Attorney Analysis, and Office Reference guide, making multiple inquiries with Black Sheep, Bingham, Harris, and Emerging Solutions and their counsel, Brown, consulting relevant publicly available authorities on the matter, and requesting that Black Sheep, Bingham, Harris, and Emerging Solutions and Emerging Solutions' attorney, Brown, provide documentation supporting Defendants' respective representations regarding FDA clearances and Medicare coverage. Unfortunately, with respect to Black

Sheep, Bingham, Harris, Emerging Solutions and Brown, Triad received only further material misrepresentations in response to these requests.

65. Triad did not confirm, and in the exercise of reasonable diligence could not have confirmed, that Black Sheep, Bingham, Harris, and Emerging Solutions' material representations regarding FDA approval of and Medicare coverage for the PENS device had been false until August 1, 2024.

66. Black Sheep, Harris, Emerging Solutions and Bingham's fraudulent and knowing misrepresentations directly and proximately caused Triad damages in an amount to be proven at trial, but not less than $500,000, plus interest thereon at the maximum rate allowed by law.

67. Black Sheep, Bingham, Harris, and Emerging Solutions' utter disregard for Triad's rights rises to the level of malice such as to warrant punitive damages to deter them or others from engaging in similarly malicious conduct in the future.

**<u>Count Three – Conspiracy to Commit Fraud</u>**

**Against Black Sheep, Bingham, Harris, Emerging Solutions and Brown**

68. All allegations set forth above are incorporated herein by reference.

69. At the time Triad entered into the agreement and provided funds to Black Sheep and Emerging Solutions, Black Sheep, Bingham, Harris, Emerging Solutions and Brown all knew that the material information they presented to Triad was false.

70. Black Sheep, Bingham, Harris, Emerging Solutions and Brown all intended for Triad to rely on their false and misleading statements, representations and materials in order to get Triad to purchase the PENS device.

71. Black Sheep, Bingham, Harris, Emerging Solutions and Brown all conspired to commit fraud against Triad.

72. As a direct and proximate result of Black Sheep, Bingham, Harris, and Emerging Solutions' acts and omissions and conspiracy to commit fraud against Triad, Triad has been damaged in an amount to be proven at trial, but not less than $500,000 plus interest thereon at the maximum rate allowed by law.

**Count Four – Aiding and Abetting Fraud**

**Against Brown**

73. All allegations set forth above are incorporated herein by reference.

74. Brown has been Emerging Solutions' attorney for at least five years.

75. Brown knowingly prepared memoranda and communications that contained false information regarding the PENS device that Black Sheep, Bingham, Harris, and Emerging Solutions used to induce Triad to purchase the PENS device.

76. Brown had direct knowledge that representations made by Black Sheep, Harris and Emerging Solutions regarding FDA approval of and Medicare coverage for the PENS device were false, but proceeded to play an active role in inducing Triad to rely upon those representations in spite of that knowledge.

77. Brown aided and abetted Black Sheep, Bingham, Harris, and Emerging Solutions' fraud on Triad.

78. As a direct and proximate result of Brown's conduct, Triad has been damaged in an amount to be proven at trial.

**Count Five – Negligent Misrepresentation**

**Against Brown**

79. All allegations set forth above are incorporated herein by reference.

80. All of Brown's representations to Triad regarding FDA clearances and Medicare billing for the PENS device were material false representations that she intended Triad to rely on and that that Triad did in fact rely on.

81. Brown represented that there are "absolutely no settlements" involving fraudulent reporting and payment of claims by Emerging Solutions' other PENS device customers billing the PENS in accordance with Brown, Emerging Solutions, and Black Sheep's instructions and that Triad should have no concerns about billing PENS device procedures to Medicare under HSPCS code L8679.

82. Brown and her clients owed Triad a duty to accurately represent the FDA clearances and appropriate Medicare billing practices for the PENS device.

83. Because of the foregoing misrepresentations by and omissions by Brown and her failure to correct them, Triad has been damaged in an amount to be proven at trial, but not less than $500,000.00 plus interest thereon at the maximum rate allowed by law.

**Count Six – Unjust Enrichment**

**Against Black Sheep, Bingham, Harris, and Emerging Solutions**

84. All allegations set forth above are incorporated herein by reference.

85. In retaining the purchase for the PENS device, Black Sheep, Bingham, Harris, and Emerging Solutions have retained a benefit to Triad's detriment.

86. Black Sheep, Bingham, Harris, and Emerging Solutions' enrichment has impoverished Triad without justification.

87. There is a connection between Black Sheep, Bingham, Harris, and Emerging Solutions' enrichment and Triad's impoverishment.

88. It would be unfair and in violation of the fundamental principles of justice, equity and good conscience to allow Black Sheep, Bingham, Harris, and Emerging Solutions to retain the enrichment they have unjustly acquired.

89. Black Sheep, Bingham, Harris, and Emerging Solutions were enriched as a direct and proximate result of their fraudulent conduct as set forth above.

90. As a direct result of Black Sheep, Bingham, Harris and Emerging Solutions' conduct, Triad has suffered damages in an amount to be proven at trial.

## JUDGMENT INTEREST

91. Post-judgment interest is defined as "interest on a money judgment, whether the interest accrues before, on, or after the judgment is rendered." Interest is defined as "compensation for the use, forbearance, or detention of money." Triad is entitled to and specifically pleads for post-judgment interest on any money judgment recovered.[5]

92. Pre-judgment interest is "compensation allowed by law as additional damages for lost use of the money due as damages during the lapse of time between the accrual of the claim and the date of judgment." Triad is entitled to, and specifically pleads for, equitable pre-judgment interest on all amounts awarded.

## ATTORNEY FEES AND COSTS

93. Triad has been required to retain the services of an attorney to bring this suit and is entitled to an award of its reasonable attorneys' fees and costs of court.

---

[5] 28 U.S.C. § 1961.

**JURY DEMAND**

94. Triad demands a jury trial on all available issues.

**PRAYER**

WHEREFORE, Plaintiff Triad Chiropractic & Rehabilitation Clinics, LLC prays that, upon final hearing, it has and recovers a judgment against Defendants Black Sheep Consulting Group, LLC, Michael Wayne Bingham, Richard J. Harris, Judy Lou Brown, and Master Equity Limited Partnership, a/k/a Emerging-Solutions for the following:

A. Actual damages in excess of $500,000.00, to be determined with specificity at trial;

B. Punitive damages in an amount to be determined at trial;

C. Attorneys' fees and costs as this Court may find reasonable; and

D. All such other and further relief as this Court deems just and proper.

DATED this 25th day of July, 2025.

By: */s/ Sean McKenna*
**SEAN R. MCKENNA**, Lead Attorney
**NATHAN J. AVERY**

Attorneys for Plaintiff Triad Chiropractic & Rehabilitation Clinics, LLC