Sean McKenna (Admitted *Pro Hac Vice*)
Texas Bar No. 24007652
Law Office of Sean McKenna, PLLC
5473 Blair Road, Suite 100, PMB 755849
Dallas, Texas 75231-4227
Telephone: 469.348.3454
Email: sean@seanmckennalaw.com

*Attorneys for Plaintiff Triad Chiropractic & Rehabilitation Clinics, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Triad Chiropractic & Rehabilitation Clinics, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>Black Sheep Consulting Group, LLC, *et al.*,<br><br>*Defendants*. | No. CV-25-02645-PHX-KML<br><br>MOTION FOR ENTRY OF DEFAULT JUDGMENT |

## MOTION FOR ENTRY OF DEFAULT JUDGMENT

Pursuant to Fed. R. Civ. P. 55(a), plaintiff Triad Chiropractic & Rehabilitation Clinics, LLC (Triad), files this *Motion for Entry of Default Judgment* and respectfully requests the Court enter a default judgment against defendant Black Sheep Consulting Group, LLC (Black Sheep). All claims against defendants Michael Wayne Bingham; Judy Lou Brown; and Master Equity Limited Partnership, a/k/a Emerging-Solutions are being resolved.

## I. BACKGROUND

Triad filed this civil action on July 25, 2025, against Black Sheep, Richard Harris, and others. (Dkt. No. 1). All were served under the Federal Rules of Civil Procedure

except for Richard Harris. (*See* Dkt. Nos. 9-11, 16-17, and 19). Defendant Black Sheep's registered agent was properly served with the *Original Complaint* and *Summons* on August 20, 2025, and evidence of the same was filed on October 21 and 22, 2025. (Dkt. Nos. 16 and 17). The Clerk entered Default on November 18, 2025, against Black Sheep. (*See* Dkt. No. 21).

The designated time to respond to the civil action has passed. Black Sheep is in default. It is not a minor, incapacitated or actively serving in the military. Based on the foregoing, Triad files this *Motion for Entry of Default Judgment*.

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 55(a), a court properly grants a motion for entry of default judgment if a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. A no-answer default judgment operates as an admission of the material facts alleged in the plaintiff's complaint, except for unliquidated damages. Under Rules Fed. R. Civ. P. 55(b)(1) & (2), proof is required only with respect to damages that are either unliquidated or not proven by a written instrument.

The damages in this case are calculable from the *Original Complaint* and proven by the accompanying plaintiff's *Declaration of Dr. John Baca in Support of Motion for Entry of Default Judgment*. Because of the facts set out in the *Original Complaint* allege a cause of action, a defendant's admission by default of the facts entitles a plaintiff to default judgment on liability. When the petition establishes a cause of action, a party should preclude from challenging the legal and factual sufficiency of the evidence supporting liability in a no-answer default judgment. Such is the case here.

## III. ARGUMENT

### A. Plaintiff Sufficiently Pleaded Jurisdictional Facts Against Black Sheep.

Plaintiff adopts by reference the statements in the *Original Complaint*. (Dkt. No. 1). This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because: (a) there is a complete diversity between Triad and all defendants; and (b) Triad seeks damages in an amount greater than $75,000. The *Original Complaint* sufficiently pleads facts to invoke the Court's jurisdiction. Triad has brought claims against Black Sheep for (a) Violation of the Arizona Consumer Fraud Act; (b) fraud; (c) conspiracy to commit fraud; and (d) unjust enrichment. (Dkt. No. 1). Black Sheep is subject to the Court's jurisdiction because a substantial part of the events or omissions giving rise to the claims occurred in the District of Arizona. Black Sheep's misrepresentations and inducements to contract were received by Triad in the District of Arizona, Triad executed the contract in question in the District of Arizona, and the goods in question were delivered to Triad in Arizona. Black Sheep also is subject to the Court's jurisdiction because the damages sought by Triad is within the Court's jurisdictional limits. Additionally, this Court is the proper venue because Black Sheep, but not appearing, consented to Triad's choice of venue.

### B. The *Original Complaint* Alleges Four Valid Causes of Action and Provides Fair Notice to Black Sheep.

Plaintiff adopts by reference the statements in the *Original Complaint*. The purpose of the fair notice requirement is to provide the opposing party with sufficient information to enable him to prepare a defense. The Petition provides fair notice to Black Sheep of the nature of the claims asserted because the *Original Complaint* properly states, and details, four causes of action.

C. Plaintiff Properly Served Black Sheep with Process.

Plaintiff adopts by reference the statements in the *Original Complaint*. Triad filed this civil action on July 25, 2025, against defendant Black Sheep. (Dkt. No. 1). Black Sheep is a Florida limited liability company with its principal place of business at 1 St Johns Medical Park Drive, St. Augustine, Florida 32086. Service was perfected on August 20, 2025, and evidence of the same was filed on October 21 and 22, 2025. (Dkt. Nos. 16 and 17).

D. Black Sheep Admitted the *Original Complaint's* Allegations.

Plaintiff adopts by reference the statements in the *Original Complaint*. Black Sheep has not answered, otherwise appeared, or demanded a jury trial in the lawsuit. Because Black Sheep failed to answer and deny the *Original Complaint* or otherwise even appear, it admitted the allegations it unlawfully directly caused Triad significant monetary losses. (*See* Dkt. No. 1).

E. Plaintiff is Entitled to Damages.

Plaintiff adopts by reference the statements in the *Original Complaint*. Triad's claims against it are detailed in the accompanying *Declaration of Dr. John Baca in Support of Motion for Entry of Default Judgment* (Declaration). The total amount owed to Triad is at least $267,072.87. *See Decl.* at ¶ 8.

## V. ATTORNEYS' FEES AND COSTS

Plaintiff adopts by reference the statements in the *Original Complaint*. Triad's *Original Complaint* requested an award of attorneys' fees, (Dkt. No. 1 at pp. 17-18), Triad is entitled to recover its attorneys' fees under Arizona law. Prior to filing the *Original*

*Complaint*, Triad sent a written demand to Black Sheep. Black Sheep failed to respond to that correspondence. It also did not pay Triad any money owed.

The *Declaration* details Triad incurred $94,672.15 (at the rate of $600.00 per hour) for reasonable and necessary attorneys' fees in two separate proceedings due to having to pursue its rights in this civil action and a related appeal to Medicare of an overpayment for PENS items and services. *Decl*. at ¶ 6. Triad respectfully requests the Court to award those amounts to it in the judgment, along with all taxable costs of court.

## V. PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant it the following relief:

a. Black Sheep admits all allegations pleaded in the *Original Complaint*;

b. Plaintiff is awarded total damages in the amount of $267,072.87;

c. Plaintiff is awarded $94,672.15 for its reasonable and necessary attorneys' fees;

d. Plaintiff is awarded all other taxable costs of court; and

e. Black Sheep is jointly and severally liable to Triad and other remaining parties;

f. All writs and processes for execution, enforcement, and collection of the judgment or the costs of court may issue as necessary; and

g. Such other and further relief, special or general, legal or equitable, to which plaintiff may be justly entitled.

Dated: January 5, 2026.

*/s/ Sean McKenna*
Sean McKenna (Admitted *Pro Hac Vice*)
Texas Bar No. 24007652
Law Office of Sean McKenna, PLLC
5473 Blair Road, Suite 100, PMB 755849
Dallas, Texas 75231-4227
Telephone: 469.348.3454
Email: sean@seanmckennalaw.com

*Attorney for Plaintiff Triad Chiropractic & Rehabilitation Clinics, LLC*

CERTIFICATE OF NO CONFERENCE

I hereby certify that despite being properly served, Black Sheep failed to appear in or contest the civil action. The undersigned counsel thus could not confer with Black Sheep regarding this pleading but assumes it is opposed.

*/s/ Sean McKenna*
Sean McKenna

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading and proposed Order were served on any counsel of record via ECF on January 5, 2026, along with copies sent to Mr. Weitz and the registered agent for Black Sheep.

*/s/ Sean McKenna*
Sean McKenna