**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Triad Chiropractic & Rehabilitation Clinics LLC,

      Plaintiff,

v.

Black Sheep Consulting Group LLC, et al.,

      Defendants.

No. CV-25-02645-PHX-KML

**ORDER**

Plaintiff Triad Chiropractic & Rehabilitation Clinics LLC requests default judgment against defendant Black Sheep Consulting Group, LLC. (Doc. 24.) Triad also requests entry of a stipulated judgment against defendants Michael Wayne Bingham, Judy Lou Brown, and Master Equity Limited Partnership a/k/a Emerging Solutions. (Doc. 30.) Both requests are granted.

## Default Judgment

The court must consider seven factors when deciding whether to enter default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The seven factors are:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* These factors establish default judgment is appropriate.

**1. Possibility of Prejudice**

The first factor regarding the prejudice to Triad weighs in favor of default judgment because if "default judgment is not granted, [Triad] will likely be without other recourse for recovery" against Black Sheep. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

**2. Merits of the Claims and Sufficiency of the Complaint**

The second and third factors require assessing the merits of Triad's claims and the sufficiency of its complaint. These factors "are often analyzed together and require courts to consider whether a plaintiff has state[d] a claim on which [he] may recover." *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019).

"Triad is a multidisciplinary medical practice that brings together the expertise of pain management and chiropractic doctors" to provide "innovative treatment options." (Doc. 1 at 2.) This case involves Triad's purchase of a Peripheral Nerve Stimulator/Peripheral Electrical Neural Stimulator or "PENS device." (Doc. 1 at 2.) In 2022, defendant Black Sheep "acting as an agent for [defendant] Emerging Solutions approached Triad to promote and sell Emerging Solutions' PENS device to the practice." (Doc. 1 at 6.) Defendants Bingham (Black Sheep's sale representative) and Harris (Black Sheep's managing partner) provided Triad a falsified document that indicated the PENS device had been cleared by the FDA for use in treating substance abuse disorders and for pain relief. (Doc. 1 at 6-7.) In reality, the FDA had only cleared the PENS device for substance abuse disorders.

While Triad was negotiating the purchase of the PENS device, defendant Brown (an attorney for Emerging Solutions) provided an analysis to Triad identifying "L8679" as the appropriate Healthcare Common Procedure Coding System code for in-office PENS procedures. The correct code was 64555, not L8679. (Doc. 1 at 8.) Black Sheep also provided to Triad an "Office Reference Guide" that included the same misrepresentation regarding the appropriate code. (Doc. 1 at 8.) Black Sheep and its employees failed to

- 2 -

correct the misrepresentations regarding the code as well as the extent of FDA clearance. (Doc. 1 at 8-9.) Triad purchased the device and began billing Medicare using the incorrect code.

In August 2023, "Medicare imposed a significant overpayment charge on Triad" because Triad had used the incorrect code in connection with billing for use of the PENS device. Triad sought relief through the administrative process and during that process Brown again represented to Triad that L8679 was the correct code. (Doc. 1 at 9.) The misrepresentations regarding the extent of FDA clearance and the correct code were material to Triad's decision to purchase the PENS device. Triad incurred significant attorneys' fees in pursuing the administrative process, but did not prevail.

Triad's complaint contains six claims against various combinations of defendants. Focusing on the claims against Black Sheep, Triad asserted claims four claims: violation of the Arizona Consumer Fraud Act, common-law fraud, "Conspiracy to Commit Fraud," and unjust enrichment.

Black Sheep was served (Doc. 16), but did not respond to the complaint and its default was entered (Doc. 21).[1] Triad filed its motion for default judgment against Black Sheep, but that motion provides no analysis regarding the validity of its four claims against Black Sheep. Instead, Triad merely argues its complaint "states, and details, four causes of action." (Doc. 24 at 3.) It appears the damages Triad seeks under each claim are the same, so there is no need to assess the validity of all four claims. It is enough to assess whether Triad has adequately alleged claims under the Arizona Consumer Fraud Act and common-law fraud. *See Beacon Sales Acquisition, Inc. v. S. W. Solar, Inc.*, No. 2:22-CV-2117, 2022 WL 3574413, at *2 (C.D. Cal. June 7, 2022) (court need not analyze all claims in detail where one is "a viable and sufficient claim for all of the relief [a plaintiff] seeks").

"The elements of a private cause of action under the [Arizona Consumer Fraud Act]

---

[1] On January 26, 2026, an attorney for Black Sheep filed a "Suggestion of Bankruptcy." (Doc. 27.) That filing appeared to indicate Black Sheep had filed for bankruptcy and obtained a discharge. (Doc. 27 at 1.) Triad subsequently filed a notice stating the bankruptcy docket did not reveal any discharge and Black Sheep's attorney had conceded as much. (Doc. 29 at 1.) Because it does not appear to have led to a discharge, the bankruptcy filing does not prevent issuance of default judgment against Black Sheep.

are a false promise or misrepresentation made in connection with the sale or advertisement of merchandise and the hearer's consequent and proximate injury." *Castle v. Barrett-Jackson Auction Co., LLC*, 276 P.3d 540, 542 (Ariz. Ct. App. 2012) (simplified). The elements of a common-law fraud claim are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; and (9) his consequent and proximate injury." *Navajo Health Found.-Sage Mem'l Hosp. Inc. v. Razaghi Dev. Co. LLC*, 800 F. Supp. 3d 955, 983 (D. Ariz. 2025) (simplified). Triad's factual allegations sufficiently establish these elements.

Triad has identified false representations made to it by Black Sheep and its employees regarding FDA clearance and the appropriate billing code, those representations were material to Triad's decision to purchase the PENS device, Black Sheep intended for Triad to rely on the representations, Triad did not know the representations were false, and Triad suffered damages in the form of penalties and charges from Medicare as a result of Black Sheep's actions. Triad has adequately alleged fraud-based claims so the second and third default judgment factors support entry of default judgment.

**3. Amount in Controversy**

The fourth default judgment factor "requires that the court assess whether the recovery sought is proportional to the harm caused by defendant's conduct." *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). When a large sum is at stake, this factor may weigh against default judgment. *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014). Triad is seeking $267,072.87 in damages. That amount is calculated as the amount Medicare demanded, the attorneys' fees Triad occurred in pursuing the administrative appeals process, and an amount in additional administrative and staff time. This harm is directly tied to Black Sheep's actions and supports entry of default judgment.

**4. Dispute Over Material Facts**

The fifth factor is whether there are any disputes over material facts. Black Sheep's decision to not participate means there is no indication of such disputes. This factor weighs in favor of default judgment.

**5. Excusable Neglect**

There is no indication Black Sheep's failure to participate is the result of excusable neglect. *See Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (defendants' failure to respond to complaint could not "be attributable to excusable neglect" because "[a]ll were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion."). This factor supports entry of default judgment.

**6. Policy Favoring Decisions on the Merits**

The seventh factor recognizes a preference for resolving matters on their merits. This factor, as always, weighs against entry of default judgment. "However, the mere existence of Fed.R.Civ.P. 55(b) indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (simplified).

**7. Default Judgment is Merited**

Under the seven factors, default judgment is appropriate.

**8. Damages**

It is Triad's burden to prove the amount of its damages. *Blumenthal Distrib., Inc. v. Comoch Inc.*, 652 F. Supp. 3d 1117, 1131 (C.D. Cal. 2023). Triad provided a declaration from its owner and operator attesting to the damages Triad incurred because of Black Sheep's fraudulent behavior. (Doc. 24-2 at 2.) That declaration is sufficient evidence that Black Sheep "cost plaintiff-Triad at least $267,072.87 in direct expenses." (Doc. 24-2 at 3.) Judgment in that amount is appropriate.

**Stipulated Judgment**

The defendants other than Black Sheep were also served, and their defaults were entered, but Triad and those defendants entered into a settlement agreement. (Doc. 30-1.)

The settlement agreement required payment of $60,000 but if that amount was not paid, the defendants other than Black Sheep agreed to entry of judgment against them in the amount of $500,000. (Doc. 30-1 at 4.) The other defendants did not perform under the settlement agreement and Triad filed a motion seeking entry of the agreed-upon judgment against them. (Doc. 30.) The defendants did not oppose Triad's motion, and it is granted. *See* Local Rule 7.2(i).

Accordingly,

**IT IS ORDERED** the Motion for Default Judgment (Doc. 24) is **GRANTED**.

**IT IS FURTHER ORDERED** the Motion for Entry of Judgment (Doc. 30) is **GRANTED**.

**IT IS FURTHER ORDERED** the Clerk of Court shall enter judgment in favor of plaintiff and against defendant Black Sheep Consulting Group, LLC, in the amount of $267,072.87. That judgment shall also reflect plaintiff shall recover from defendants Michael Wayne Bingham, July Lou Brown, and Master Equity Limited Partnership a/k/a Emerging Solutions the principal sum of $500,000.00 plus interest, less any amount paid pursuant to the Settlement Agreement filed at Doc. 30-1.

**IT IS FURTHER ORDERED** plaintiff may file a motion for attorneys' fees that complies with Local Rule 54.2.

Dated this 20th day of May, 2026.

Honorable Krissa M. Lanham
United States District Judge

- 6 -